

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

The indictment appears regular and regularly presented. The record is before this court without statement of facts and bills of exception. No fundamental error has been perceived or pointed out.

The judgment is affirmed.

## Eva MADDOX v. STATE.
### No. 15256.

Court of Criminal Appeals of Texas.

May 18, 1932.

## B. W. CRAWFORD v. STATE.
### No. 15339.

Court of Criminal Appeals of Texas.

May 18, 1932.

H. A. Cline, of Wharton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for passing a forged instrument; punishment, five years in the penitentiary.

We find in the record no bills of exception, and no complaint in any form of matters of procedure. The facts show the passage of the check set out in the indictment. No evidence was offered by the appellant.

Finding no error, the judgment will be affirmed.

## George HARPER v. STATE.
### No. 15232.

Court of Criminal Appeals of Texas.

May 11, 1932.

J. S. Jameson, of Montague, for appellant.

Ves Jones, of Dallas, and Simpson, Brewster & Rogers, Houtchens & Houtchens, and J. Harold Craik, all of Fort Worth, for appellant.

Cecil Rotsch and Stanley Bransford, Asst. Crim. Dist. Attys., William H. Gilmartin, Asst. City Atty., and Richard U. Simon, Special Prosecutor, all of Fort Worth, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for maintaining a spite fence; punishment, a fine of $10.

The complaint upon which this prosecution began was filed in the corporation court of the city of Fort Worth. Upon conviction the case was appealed to the county court at law, where appellant was again convicted and fined the sum of $10. She has attempted to appeal from said judgment to this court. Her right to such appeal is precluded by the terms of article 53, Code Cr. Proc. 1925, which expressly deprives this court of appellate jurisdiction over any case which has been appealed from an inferior court to the county court of any county in this state, in which the fine imposed in the county court is less than $100.

The appeal is dismissed.